```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------X
UNITED STATES OF AMERICA              :
                                      :
     -against-                        :     No. 11 Cr. 912 (JFK)
                                      :
DARREN MORRIS,                        :     OPINION & ORDER
                                      :
                    Defendant.        :
--------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/18/2020

APPEARANCES

FOR DEFENDANT DARREN MORRIS:
    Pro Se

FOR THE UNITED STATES OF AMERICA:
    Christopher J. Dimase
    U.S. ATTORNEY'S OFFICE FOR THE SOUTHERN DISTRICT OF NEW YORK

**JOHN F. KEENAN, United States District Judge:**

    Before the Court is a pro se motion by Defendant Darren Morris seeking a sentence reduction due to Morris's history of hypertension and the COVID-19 pandemic.  Morris brings the motion pursuant to the First Step Act, 18 U.S.C. § 3582(c)(1)(A), commonly known as the compassionate release statute.  The Government opposes Morris's motion as substantively meritless because Morris's medical conditions, the circumstances of his incarceration, and the 18 U.S.C. § 3553(a) sentencing factors do not warrant a modification to his term of imprisonment.  For the reasons set forth below, Morris's motion is DENIED.

1

**I.   Background**

Unless otherwise noted, the following is taken from the materials the parties submitted, Morris's Presentence Investigation Report ("PSR"), dated December 15, 2014, and the transcripts of Morris's plea and sentencing hearings, (ECF No. 195; Ex. A to Letter from Christopher J. DiMase, Assistant United States Attorney, to Hon. John F. Keenan (Aug. 19, 2020), ECF No. 346).  In ruling on Morris's compassionate release request, the Court has considered the arguments advanced in Morris's pro se motion, (ECF No. 344), and the Government's opposition, (ECF No. 346); Morris did not file a reply.

On September 23, 2014, Morris pleaded guilty, pursuant to a plea agreement, to one count of using, carrying, and possessing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(i), and using, carrying, and possessing a firearm which was discharged during and in relation to a crime of violence, in violation of 18 U.S.C. §§ 924(c)(1)(A)(iii) and 924(c)(1)(C)(i).  (PSR ¶¶ 2-4.)  The charges stemmed from Morris's participation in a years-long conspiracy to commit armed robberies of suspected narcotics traffickers and commercial establishments which, among other serious and violent crimes, included an armed robbery during which Morris fired at a police officer pursuing him, and Morris's brutal murder of a mistakenly-identified individual in

erroneous retaliation for an assault on one of Morris's co-conspirators. (Id. ¶¶ 17–36; Sent. Tr. at 22:1–12.) During his plea allocution, Morris explained that, "[o]n November 13, 2009, I possessed a firearm that I used in an attempted robbery of marijuana proceeds from an apartment on Ely Avenue in the Bronx. While escaping from that attempted robbery, I discharged the firearm." (Plea Tr. at 20:25–21:3.) And "[o]n July 6, 2009, I possessed a firearm for the purpose of assaulting [the murder victim]. . . . I was going to shoot [the victim] because I understood that he had shot [a co-conspirator] 29 days [earlier] . . . [and] I agreed to shoot [the victim] to maintain my standing in a group of individuals who had committed crimes together. . . . I know all of my actions were illegal." (Id. at 21:10–22:4.)

Morris's sentencing occurred on December 16, 2015, during which the Court found a mandatory minimum of 30 years' imprisonment, which was the sentence recommended by both the Government and the defense. (Sent. Tr. at 25:22–26:15.) During sentencing, the Court heard from two of the murder victim's family members who described their anguish at the untimely loss of their loved one. (Id. at 4:7–7:1.) The Court sentenced Morris to the mandatory minimum. (Id. at 26:14–24.) To date, Morris has served approximately nine years of his 30-year sentence. He is scheduled for release on August 10, 2038. See

3

<u>Find an Inmate</u>, Fed. Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited Nov. 16, 2020).

On August 11, 2020, Morris, proceeding <u>pro se</u>, submitted a motion requesting a reduction in sentence and his immediate compassionate release due to the COVID-19 pandemic. (ECF No. 344.) Morris's motion explained that he suffered from hypertension and he was deeply worried about his health should he contract the coronavirus. The Court ordered the Government to respond, and on August 19, 2020, the Government opposed Morris's request on the grounds that the Court lacked jurisdiction to grant the request due to Morris's pending appeal to the Second Circuit; the Government also argued that no extraordinary and compelling reasons support Morris's release which, in any event, would be inappropriate under the sentencing factors set forth in 18 U.S.C. § 3553(a). (ECF No. 346.) Morris did not file a reply.

**II.  Discussion**

**A.  Legal Standard**

18 U.S.C. § 3582(c)(1)(A) allows a court to modify a term of imprisonment "upon motion of the defendant" provided the defendant has exhausted certain administrative requirements. 18 U.S.C. § 3582(c)(1)(A). Under these circumstances, a court may reduce the defendant's sentence if it finds that "extraordinary and compelling reasons warrant such a reduction" and "such a

4

reduction is consistent with applicable policy statements issued by the Sentencing Commission." Id. § 3582(c)(1)(A)(i).  In doing so, the Court must also consider "the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable." Id. § 3582(c)(1)(A).  "Application of the § 3553(a) factors requires an assessment of whether the relevant factors 'outweigh the "extraordinary and compelling reasons" warranting compassionate release . . . [and] whether compassionate release would undermine the goals of the original sentence.'" United States v. Daugerdas, --- F. Supp. 3d ---, No. 09 Cr. 581 (WHP), 2020 WL 2097653, at *4 (S.D.N.Y. May 1, 2020) (alterations in original) (quoting United States v. Ebbers, 432 F. Supp. 3d 421, 430–31 (S.D.N.Y. 2020)).

The Second Circuit recently ruled that the policy statement issued by the U.S. Sentencing Commission pertaining to compassionate release, section 1B1.13 of the Sentencing Guidelines, "is not 'applicable' to compassionate release motions brought by defendants," and "cannot constrain district courts' discretion to consider whether any reasons are extraordinary and compelling." United States v. Brooker, 976 F.3d 228, 236 (2d Cir. 2020).  Accordingly,

> when assessing a motion brought directly by an imprisoned person rather than by the BOP, the Court is constrained neither by [§] 1B1.13's enumeration of extraordinary and compelling reasons, nor by its freestanding requirement that the defendant seeking

5

>release not pose any danger to the community. Rather, the Court may "consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before [it] in motions for compassionate release." However, even if such reasons are present, the Court must also assure itself that release is consistent with "the factors set forth in section 3553(a) to the extent that they are applicable."

United States v. Harris, No. 15 Cr. 445 (PAE), 2020 WL 5801051, at *2 (S.D.N.Y. Sept. 29, 2020) (footnote and internal citations omitted). "[P]ro se litigants generally are entitled to a liberal construction of their pleadings, which should be read 'to raise the strongest arguments that they suggest.'" Green v. United States, 260 F.3d 78, 83 (2d Cir. 2001) (quoting Graham v. Henderson, 89 F.3d 75, 79 (2d Cir. 1996)).

### B. Jurisdiction

As a preliminary matter, the Court lacks jurisdiction to decide Morris's request for compassionate release. See Griggs v. Provident Consumer Disc. Co., 459 U.S. 56, 58 (1982) ("The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."); United States v. Ransom, 866 F.2d 574, 575 (2d Cir. 1989) (per curiam) (explaining Griggs "applies in criminal cases"). "Once [the defendant] filed his notice of appeal challenging the Court's sentence, jurisdiction over the questions raised in his § 3582(c) motion transferred to

6

the Second Circuit." United States v. Martin, No. 18 Cr. 834 (PAE), 2020 WL 1819961, at *2 (S.D.N.Y. Apr. 10, 2020).

Nevertheless, Federal Rule of Criminal Procedure 37 provides that "[i]f a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may: (1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue." Fed. R. Crim. P. 37(a).  The advisory committee notes list "motions under 18 U.S.C. § 3582(c)" as one type of motion for which Rule 37 may be used. Id. Advisory Committee Notes, 2012 Adoption; see also Martin, 2020 WL 1819961, at *2.  Accordingly, because the Court would deny Morris's request for compassionate release notwithstanding his pending appeal, the Court will reach the merits of Morris's motion in the interest of judicial economy. See United States v. Genovese, No. 18 Cr. 183 (WHP), 2020 WL 4004164, at *2 (S.D.N.Y. July 15, 2020) (denying compassionate release request on the merits pursuant to Rule 37); Martin, 2020 WL 1819961, at *2 (same).

### C. Compassionate Release

The Court is sympathetic to the heightened risk certain individuals face from COVID-19. See People at Increased Risk, Ctrs. for Disease Control & Prevention,

7

https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/index.html (last visited Nov. 16, 2020); see also United States v. Park, 456 F. Supp. 3d 557, 560 (S.D.N.Y. 2020) ("The nature of prisons—crowded, with shared sleeping spaces and common areas, and often with limited access to medical assistance and hygienic products—put those incarcerated inside a facility with an outbreak at heightened risk.") (collecting sources).  And, on at least one occasion, it has ruled that the threat posed by the COVID-19 pandemic to a medically "high-risk" individual constitutes "extraordinary and compelling reasons" to warrant immediate compassionate release. See United States v. Smith, 454 F. Supp. 3d 310, 315 (S.D.N.Y. 2020) (granting release to non-violent 62-year-old who suffered from asthma, high cholesterol, blood clots, a thyroid condition, and suspected multiple myeloma); but see United States v. Seshan, No. 14 Cr. 620 (JFK), 2020 WL 2215458, at *4 (S.D.N.Y. May 6, 2020) (denying release to 47-year-old despite his "end-stage renal failure and hypertension" and the threat of COVID-19 because, inter alia, defendant had a history of violence and granting the motion would disserve important § 3553(a) sentencing factors).

   Nevertheless, after considering the 3553(a) factors, the Court is not persuaded that extraordinary and compelling reasons

8

exist to reduce Morris's sentence and order his immediate release.  Accordingly, Morris's motion is denied.

First, Morris has failed to articulate any extraordinary and compelling reason why his sentence should be reduced.  The foundation of Morris's motion is the generalized threat COVID-19 poses to incarcerated individuals with underlying medical conditions.  Indeed, according to the Centers for Disease Control and Prevention ("the CDC"), older adults and people of any age who have serious underlying medical conditions may be at higher risk for a severe illness from COVID-19. See People at Increased Risk, Ctrs. for Disease Control & Prevention, supra.  Here, however, Morris's age and hypertension are not severe enough to warrant compassionate release.  Morris is 36, significantly younger than the CDC's former high-risk cutoff age of 65. See id.; see also, e.g., United States v. Skelos, No. 15 Cr. 317 (KMW), 2020 WL 2508739, at *2 (S.D.N.Y. May 15, 2020) ("Defendant has not demonstrated the existence of extraordinary and compelling circumstances in his case.  Defendant is 37 years old, and thus faces a relatively low risk of hospitalization or death from COVID-19.") (collecting sources).  And, while the CDC has listed pulmonary hypertension (a specific and rare type of hypertension affecting the lungs and right side of the heart) as a potential risk factor for a severe illness from COVID-19, Morris's general hypertension cannot be characterized as such:

9

according to his medical records, Morris has been diagnosed with "benign essential hypertension"—generally defined as "mild to moderate high blood pressure that has no identifiable cause"—which has been "well controlled on his current medications." (Letter from Christopher J. DiMase, Assistant United States Attorney, to Hon. John F. Keenan (Aug. 19, 2020), ECF No. 346.) Further, Morris does not suffer from other health conditions which rise to the level of COVID-19 risk factors looked to by the CDC and courts, such as cancer, diabetes, or immunocompromization. See, e.g., Park, 456 F. Supp. 3d at 563–64 (granting release to 44-year-old with a documented history of respiratory issues, including severe asthma and immune-compromising diseases); United States v. Williams, 456 F. Supp. 3d 414, 419 (D. Conn. 2020) (granting release to defendant with chronic asthma, hypertension, diabetes, and high cholesterol); Smith, 454 F. Supp. 3d at 315; but see, e.g., United States v. Mood, No. 19 Cr. 113 (VB), 2020 WL 3256333, at *1 (S.D.N.Y. June 16, 2020) (denying release to 53-year-old with diabetes, hypertension, and obesity where "[t]here is no question that [defendant] has health issues, but his condition is stable and has been effectively managed by routine monitoring and medication"); United States v. Kerrigan, No. 16 Cr. 576 (JFK), 2020 WL 2488269, at *3 (S.D.N.Y. May 14, 2020) (same for non-violent 43-year-old with obesity and liver disease).

Second, and decisive here, even if Morris's age, health risks, and the COVID-19 pandemic could provide extraordinary and compelling reasons for a sentence reduction, application of the 3553(a) factors cripples his request and outweighs any justification for early release.  Here, the factors that weigh in Morris's favor, such as the need to provide necessary medical care, are overshadowed by the combined force of "the nature and circumstances of the offense" and the need for the sentence imposed to "reflect the seriousness of the offense," "promote respect for the law," "provide just punishment for the offense," "afford adequate deterrence to criminal conduct," and "protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a).  Indeed, Morris's offense conduct is among the most serious and reprehensible the Court has encountered: Morris engaged in at least two serious, violent, and brutal offenses, including the point-blank murder of a complete stranger.  For the same reasons that necessitated Morris's 30-year mandatory minimum term of incarceration, which were discussed at his sentencing and are incorporated by reference here, the Court finds that modifying Morris's term of incarceration would disserve the above important sentencing factors.  Accordingly, Morris's motion is denied. Cf. United States v. Frias, No. 01 Cr. 307 (JFK), 2020 WL 6058067, at *3 (S.D.N.Y. Oct. 14, 2020) (denying release to 66-year-old with diabetes and certain lung

and heart conditions); United States v. Montevecchi, 18 Cr. 15 (AKH), 2020 WL 3051335, at *2 (S.D.N.Y. June 8, 2020) (same for 74-year-old with heart disease and other conditions); Seshan, 2020 WL 2215458, at *4–*5.

### III.  Conclusion

For the reasons set forth above, Defendant Darren Morris's motion for a reduction in sentence is DENIED.

The Clerk of Court is directed to terminate the motion at ECF No. 344.

**SO ORDERED.**

Dated:  New York, New York
        November 18, 2020

John F. Keenan
United States District Judge