UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.

DARREN MORRIS,

Defendant.

No. 11-CR-912 (RA)

OPINION & ORDER

RONNIE ABRAMS, United States District Judge:

Defendant Darren Morris, proceeding *pro se*, moves for a sentence reduction under 18 U.S.C. § 3582(c)(2) and 18 U.S.C. § 3582(c)(1)(A), and for appointment of counsel. For the reasons that follow, the motions are denied.

**BACKGROUND**

In 2014, Morris pled guilty before Judge Keenan to one count of using, carrying, and possessing a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(i), and one count of using, carrying, and possessing a firearm that was discharged during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(iii) and (c)(1)(C)(i). Dkt. 195. Both counts arose from Morris's participation in a violent gang, which resulted in a 2009 murder that Morris committed by shooting nineteen-year-old Jordan Jones, a stranger to Morris, in the head at point-blank range. *See* Dkt. 497 ("Resentencing Tr.") at 14:14–20, 57:21–22. On September 23, 2014, Judge Keenan sentenced Morris to thirty years' imprisonment, the mandatory minimum at the time. Dkt. 195.

After Morris appealed, the Second Circuit vacated his conviction on the first count in light of the Supreme Court's decision in *United States v. Taylor*, 596 U.S. 845 (2022). *See United States v. Morris*, 61 F.4th 311, 320 (2d Cir. 2023). The case was then reassigned to this Court for

resentencing. At the time, Morris's Guidelines range on the second count of conviction—the only one remaining—was ten years' imprisonment, the mandatory minimum sentence. Resentencing Tr. at 12:8–14. The statutory maximum was a term of life. On January 26, 2024, the Court imposed an above-Guidelines sentence of thirty years' imprisonment, mirroring the sentence Judge Keenan had originally imposed. Resentencing Tr. at 60:16–19; *see* Dkt. 494.

On December 27, 2024, Morris filed two of the motions at issue here: a motion for a reduced sentence under 18 U.S.C. § 3582(c)(2) and Amendment 821 to the Sentencing Guidelines, Dkt. 538 ("First Def. Mot."), and a motion for appointment of counsel to pursue a motion under Amendment 829. Dkt. 539 ("Second Def. Mot."). The Government opposed these motions in a response filed on April 30, 2025. Dkt. 553 ("First Gov. Opp'n"). On May 13, 2025, Morris requested—and the Court granted—additional time to file a reply in support of these two motions, though a reply was never filed. Dkt. 557, 558.

On April 20, 2026, Morris submitted a third motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). Dkt. 595 ("Third Def. Mot."). The Government opposed this motion in a response filed on May 11, 2026, Dkt. 598 ("Second Gov. Opp'n"), to which Morris replied. Dkt. 602 ("Def. Repl.").

## LEGAL STANDARD

Although sentences are ordinarily final, a court may reduce a defendant's sentence in limited circumstances. Under 18 U.S.C. § 3582(c)(2), a court may grant such a reduction if a defendant was sentenced based on a Guidelines range that has been retroactively lowered by the Sentencing Commission. And under 18 U.S.C. § 3582(c)(1)(A), a court may grant such a reduction if a defendant demonstrates that (i) he has exhausted all administrative remedies with

the Bureau of Prisons ("BOP"),[1] (ii) there are "extraordinary and compelling reasons" for a reduction in the sentence, (iii) such a reduction is consistent with the Sentencing Commission's policy statements, and (iv) the Section 3553(a) factors favor such a reduction. *Id.* § 3582(c)(1)(A); *see United States v. Stillwell*, 2026 WL 276018, at *2 (S.D.N.Y. Feb. 3, 2026).

Additionally, because Morris is proceeding *pro se*, the Court must construe his briefs "liberally" and interpret them to "raise the strongest arguments that they suggest."[2] *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006); *see, e.g.*, *United States v. Price*, 2025 WL 2085357, at *2 (E.D.N.Y. July 24, 2025).

## DISCUSSION

### I. Motion for a Reduced Sentence—Amendment 821

Morris first moves for a reduced sentence under 18 U.S.C. § 3582(c)(2) and Amendment 821 to the Sentencing Guidelines. *See* First Def. Mot. at 2. Section 3582(c)(2) permits a court to reduce a defendant's sentence if it was imposed based on a Guidelines range that has since been retroactively lowered by the Sentencing Commission, provided that several conditions are met. Most relevant here, such reductions may be granted when they would be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

The policy statement applicable to retroactive Guidelines changes is U.S.S.G. § 1B1.10. Among other conditions, this provision permits a court to reduce a sentence only when "the guideline range applicable to that defendant has *subsequently been lowered* as a result of an amendment to the Guidelines." *Id.* § 1B1.10(a)(1) (emphasis added). A defendant may thus not obtain a reduced sentence if "an amendment listed [as applying retroactively] is applicable to the

[1] The parties do not dispute that Morris has exhausted his administrative remedies. *See* Second Gov. Opp'n at 10.

[2] Unless otherwise indicated, case quotations omit all internal citations, quotations, footnotes, omissions, and alterations.

defendant but the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (e.g., a statutory mandatory minimum term of imprisonment)." *Id.* cmt. 1(A).

This rule forecloses Morris's motion. Although Amendment 821 applies retroactively to Morris, it does not lower his Guidelines range. When this Court resentenced him in 2024, Morris's Guidelines range was equal to the mandatory minimum term of 120 months, or ten years. *See* Resentencing Tr. at 12:8–14. That is because he was convicted of one count of 18 U.S.C. § 924(c)(1)(A)(iii), which translated to a Guidelines range equal to the mandatory minimum term of ten years. *See* U.S.S.G. § 2K2.4(b) ("[I]f the defendant, whether or not convicted of another crime, was convicted of violating section 924(c) . . . the guideline sentence is the minimum term of imprisonment required by statute.").

As a result, even after Amendment 821 became effective, Morris's Guidelines range remains unchanged and is still 120 months. While Amendment 821 reduced the criminal history status points and offense level for certain offenders, it did not impact the Guidelines range for those who, like Morris, were convicted of violating Section 924(c). *See United States v. Johnson*, 2024 WL 3429463, at *2 (S.D.N.Y. July 15, 2024) (denying motion to reduce under Amendment 821 because it did not impact defendant's Guidelines range for conviction under Section 924(c)). Put simply, Morris's Guidelines range is the same as when he was resentenced in 2024.

Because Amendment 821 did not have the effect of lowering Morris's Guidelines range, he is ineligible for a reduced sentence under 18 U.S.C. § 3582(c)(2) and U.S.S.G. § 1B1.10(a)(1). *See, e.g.*, *United States v. John*, 2024 WL 5155627, at *3 (S.D.N.Y. Dec. 18, 2024) ("[The defendant] is not eligible for a sentence reduction pursuant to Amendment 821 because his

Guidelines range has not changed."). His motion for a sentence reduction on this basis is, therefore, denied.

## II. Motion for Appointment of Counsel

Morris also moves for appointment of counsel to pursue a reduced sentence under Amendment 829, which authorizes downward departures for youthful offenders. *See* Second Def. Mot. at 3; *John*, 2024 WL 5155627, at *3. While defendants may request counsel for Section 3582(c) motions, district courts may decline such relief when "it [is] readily ascertainable from the record that [the defendant] was ineligible for a reduction in sentence." *United States v. Cirineo*, 372 F. App'x 178, 179–80 (2d Cir. 2010) (summary order).

That is the case here. Amendment 829 took effect on November 1, 2024, but it is not retroactive. *See John*, 2024 WL 5155627, at *1. It thus does not apply to those who, like Morris, were sentenced before that date. Because it is "readily ascertainable from the record" that he is ineligible for relief, Morris's motion for appointment of counsel is denied. *Cirineo*, 372 F. App'x at 179.

## III. Motion for a Reduced Sentence—Section 3582(c)(1)(A)

Finally, Morris moves for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A), primarily citing several changes in the law that, he contends, constitute an extraordinary and compelling circumstance justifying a reduction in his sentence.

A court may grant a sentence reduction pursuant to Section 3582(c)(1)(A) if "(1) a defendant has exhausted all administrative remedies with the BOP, (2) extraordinary and compelling reasons warrant such a reduction, (3) the reduction is consistent with applicable policy statements issued by the Sentencing Commission, and (4) the reduction is supported by the factors set forth in 18 U.S.C. § 3553(a), to the extent they apply." *Stillwell*, 2026 WL 276018, at *2; *see*

*United States v. Keitt*, 21 F.4th 67, 73 (2d Cir. 2021) (recognizing that a defendant must demonstrate both "extraordinary and compelling reasons" and satisfaction of the Section 3553(a) factors to obtain a sentence reduction under Section 3582(c)(1)(A)). "The defendant bears the burden of proving that he is entitled" to a sentence reduction. *United States v. Saez*, 2024 WL 303847, at *2 (S.D.N.Y. Jan. 26, 2024).

**A. Extraordinary and Compelling Reasons**

"Following the November 2023 amendments to the Sentencing Guidelines, Section 1B1.13" of the Guidelines "provides Sentencing Commission policy for what constitutes 'extraordinary and compelling reasons' justifying compassionate release." *Stillwell*, 2026 WL 276018, at *2. As relevant here, Section 1B1.13(b)(6) provides that:

> If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

U.S.S.G. § 1B1.13(b)(6).

In this third motion, Morris identifies the following alleged changes in law in support of his motion: (1) the United States Supreme Court's 2000 decision in *Apprendi v. New Jersey*, 530 U.S. 466 (2000); (2) the Supreme Court's 2013 decision in *Alleyne v. United States*, 570 U.S. 99 (2013); (3) the enactment of the First Step Act in December 2018; (4) the United States Supreme Court's 2019 decision in *United States v. Davis*, 588 U.S. 445 (2019); (5) the Second Circuit's 2021 decision in *United States v. Capers*, 20 F.4th 105 (2d Cir. 2021), (6) the Supreme Court's 2022 decision in *United States v. Taylor*, 596 U.S. 845 (2022); and (7) certain November 2023

amendments to the Guidelines, including Amendment 821.[3] Third Def. Mot. at 5–9. As the Government points out, though, all of the alleged changes in law identified by Morris occurred prior to his January 26, 2024 resentencing, *see* Second Gov. Opp'n at 13–15, and Morris does not provide a plausible reason why the sentence the Court imposed on that date—or his conviction more generally—conflicts with any of these sources of law.[4] Accordingly, the Court finds that Morris has not identified a change in law that would produce a "gross disparity," or, indeed, any disparity, "between the sentence being served" and the sentence likely to be imposed if the Court were to resentence him today. U.S.S.G. § 1B1.13(b)(6).[5]

[3] Morris makes further objections to the procedures and circumstances of his resentencing in his Reply, none of which are availing. Def. Repl. at 3. For example, Morris objects to the "new testimony" from Patrick Rodriguez, a friend of Jordan Jones, at his resentencing, and the use of "third party hearsay" from victim impact statements more generally, as a violation of his rights under the Confrontation Clause. *Id.* But "[w]hen the defendant does not dispute the truth of the statements sought to be introduced or the statements are sufficiently corroborated by other evidence, hearsay is admissible in sentencing proceedings." *United States v. Fell*, 2018 WL 7247398, at *5 (D. Vt. Mar. 16, 2018) (quoting *United States v. Fatico*, 579 F.2d 707, 713 (2d Cir. 1978)); *see also United States v. Martinez*, 413 F.3d 239, 243 (2d Cir. 2005) (noting that "[a]lthough the Confrontation Clause does not apply at sentencing . . . [d]ue process requires that some minimal indicia of reliability accompany a hearsay statement."). Morris does not appear to dispute the truth of any of the statements made by victims at his resentencing—only claiming that they were "prejudicial." Def. Repl. at 3.

Morris also appears to object to the fact that the Court varied his sentence upward from the Guidelines range without prior notice, allegedly in violation of Federal Rule of Criminal Procedure 32(h). Def. Repl. at 4. But Rule 32(h) applies only to departures, not variances, *see Irizarry v. United States*, 553 U.S. 708, 716 (2008), and so is inapplicable here.

[4] As the Government observes, much of Morris's motion suggests that he takes issue with "the previously vacated analysis which led Judge Keenan to impose Morris's original 30-year sentence" in September 2014, rather than the reasoning underpinning the sentence imposed at the Court's 2024 resentencing. Second Gov. Opp'n at 15; *see, e.g.*, Third Def. Mot. at 6 ("[H]ad [Morris] been prosecuted under the prevailing sentencing practice's; laws of today, namely [*United States v. Capers*, 20 F.4th 105 (2d Cir. 2021)] . . . he could not and would not have been legally convicted and/or sentenced to the draconian 30-year term of imprisonment."); Def. Repl. at 6 ("[T]he record will unequivocally reflect that Judge Keenan, never intended to vary upward and instead resorted to imposing the minimum mandatory [sentence] applicable to a Section 924(c) violation."). The parties and the Court agreed that the 2024 resentencing was a *de novo* resentencing. Resentencing Tr. at 8:23–24, 10:18–19; *see, e.g.*, *United States v. Rigas*, 583 F.3d 108, 116 (2d Cir. 2009) ("[W]here a count of a conviction is overturned—as opposed to an aspect of a sentence—resentencing must be *de novo*."); *United States v. Peña*, 58 F.4th 613, 618 (2d Cir. 2023) (similar). Because a remand for *de novo* resentencing "wip[es] the slate clean," the only relevant "sentencing intent" is that articulated at Morris's resentencing by the Court, rather than by Judge Keenan at Morris's original sentencing. *Pepper v. United States*, 562 U.S. 476, 507–08 (2011).

[5] As the Government notes, "at least some of the developments that Morris cites may, indeed, have changed the analysis employed by Judge Keenan" in 2014: "had the First Step Act been in effect at that time," for example, "Morris would not have been subject to a mandatory minimum sentence of 30 years." Second Gov. Opp'n at 15 & n.7. At the time Morris was sentenced by Judge Keenan, "a defendant convicted of two § 924(c) counts was subject to a mandatory 25-year sentence of imprisonment for the second offense that would be 'stacked' upon—that is, run

Morris next argues that his rehabilitation constitutes an extraordinary and compelling circumstance, citing, for example, his "renunciation" and "denouncement" of gang affiliation, his educational accomplishments while incarcerated, and his abstinence from drug and alcohol use. Third Def. Mot. at 9–10. Morris's commitment to rehabilitation is commendable, but "rehabilitation alone shall not be considered an extraordinary and compelling reason" for a sentence reduction, *United States v. Brooker*, 976 F.3d 228, 238 (2d Cir. 2020), as "a productive institutional record while incarcerated is what is expected and is not a basis for a sentence reduction." *Stillwell*, 2026 WL 276018, at *5; *see, e.g.*, *United States v. Rodriguez*, 2025 WL 212766, at *5 (S.D.N.Y. Jan. 16, 2025) (similar); *United States v. Bennett*, 2022 WL 3445349, at *3 (S.D.N.Y. Aug. 17, 2022) (collecting cases).

For these reasons, then, the Court concludes that Morris has not identified an extraordinary and compelling reason for the Court to grant a sentence reduction.

### B. The Section 3553(a) Factors

Even if Morris had shown an extraordinary and compelling reason to justify a sentence reduction, the Court's consideration of the sentencing factors in 18 U.S.C. § 3553(a) would provide an independent reason to deny Morris's motion.[6] *See United States v. Jones*, 17 F.4th 371,

---

consecutively to—the first offense's mandatory penalty." *Rutherford v. United States*, 146 S.Ct. 1320, 1326 (2026). As relevant here, the First Step Act eliminated "§ 924(c)'s 25-year stacking requirement for first-time offenders" such as Morris. *Id.* at 1327. This Court recognized, at Morris's resentencing, that Morris was no longer subject to a 30-year mandatory minimum sentence based on this stacking requirement, Resentencing Tr. at 59:24–60:4, and the parties agreed that Morris was "now facing a guidelines range of 120 months in prison, or 10 years." *Id.* at 12:8–14. The Court, nevertheless, granted the Government's request for an upward variance from the Guidelines range and sentenced Morris to a term of 30 years' imprisonment based on the "serious, violent, and brutal" nature of his offense: the "point blank murder of a complete stranger." *Id.* at 57:20–25. And even if the Court had not resentenced Morris, the First Step Act's elimination of Section 924(c)'s stacking requirement would not have provided grounds for a sentence reduction because, as the Supreme Court has recently held, any sentencing disparity created by this nonretroactive change in law is not an extraordinary or compelling circumstance. *Rutherford*, 146 S.Ct. at 1330–31.

[6] These factors include (i) the nature and circumstances of the offense, (ii) the history and characteristics of the defendant, (iii) the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment, (iv) the need to adequately deter criminal conduct, (v) the need to protect the public from the defendant, (vi) the need to provide the defendant with necessary rehabilitation, and (vii) the need to avoid unwarranted sentencing disparities among similar defendants. 18 U.S.C. § 3553(a).

374 (2d Cir. 2021) ("[E]xtraordinary and compelling reasons are necessary—but not sufficient—for a defendant to obtain relief under § 3582(c)(1)(A).").

The nature and circumstances of Morris's offense strongly disfavor a reduction in his sentence. The Court appreciates Morris's acknowledgment that his crime was "serious" and that "a serious sentence was appropriate to reflect that fact." Third Def. Mot. at 11. Nevertheless, as the Court observed at his resentencing:

> Judge Keenan had been on the bench for a couple years shy of 40 years when he said that Mr. Morris's offense conduct is among the most serious and reprehensible that he, the Court, had ever encountered, and he then said Mr. Morris engaged in at least two serious, violent and brutal offenses, including the point blank murder of a complete stranger. Although I'm only considering one of those serious, violent, and brutal offenses today, the rest remains true. . . . [W]hile I fully appreciate Mr. Morris's desire to be home with his children and his children's desire for the same, the Jones family does not have the luxury of ever welcoming Jordan home. He was 19 years old and walking home on his brother's birthday when Mr. Morris took his life in cold blood, and his family . . . will not ever fully recover.

Resentencing Tr. at 57:17–24, 59:1–7. The "serious, violent and brutal" nature of Morris's offense conduct is just as salient today as it was at his 2024 resentencing. *Id.*

Morris's history and characteristics, and the need to protect the public and provide specific and general deterrence, also weigh against a reduction in his sentence. As the Court previously observed, Morris arrived at his resentencing with "almost 20 disciplinary infractions," including "numerous [infractions] for assault and/or fighting with other inmates," one of which involved "punch[ing] and kicking . . . someone's head." Resentencing Tr. at 58:9–25. He had a "lengthy and serious criminal history," *id.* at 58:22–23, including a 2002 attempted robbery, "a host of drug offenses," and a 2006 "gun possession incident" in which he tried "to draw a loaded gun on a police officer." *Id.* at 15:3–11 (counsel for the Government).[7] He has also, as the Government

[7] At Morris's 2024 resentencing, in response to an objection from Morris's then-counsel, the Court struck from the PSR and Supplemental PSR facts relating to a 2009 attempted robbery committed by Morris and a 2011 attempted robbery allegedly committed by him. Resentencing Tr. at 11:14–21. Accordingly, the Court did not rely on the

notes, incurred two more disciplinary infractions for fighting with other inmates since his resentencing. Second Gov. Opp'n, Ex. B, at 2.[8]

As it did at the 2024 resentencing, the Court recognizes and commends Morris's "very genuine efforts at rehabilitation," and recognizes the "extremely difficult upbringing that he endured" and the "harsh conditions of confinement" he has faced. Resentencing Tr. at 59:8–14. But the Court ultimately concludes that none of the concerns it has identified—the nature and circumstances of Morris's offense, his history and characteristics, and the need to protect the public and provide specific and general deterrence—has been diminished since the Court recently considered them at Morris's 2024 resentencing. *See, e.g.*, *United States v. Abdou*, 2025 WL 3440597, at *2 (S.D.N.Y. Nov. 11, 2025) (denying motion for sentence reduction in part because the defendant "has not offered any new information which would change the Court's consideration of . . . [the Section 3553(a)] factors."). Accordingly, Morris's motion for a reduction in his sentence is denied on this basis as well.

---

conduct underlying either attempted robbery when it imposed its sentence, *id.* at 9:9–13, and it likewise does not consider that conduct on the instant motion.

[8] Morris contends that these two infractions occurred because he was "physically attacked by fellow inmates" and was merely "defending his life." Def. Repl. at 5. He requests a "formal hearing pursuant to U.S.S.G. [§] 6A1.3," *id.*, to contest the Government's characterization of these events as "violent prison fights." Second Gov. Opp'n at 18. Section 6A1.3(a) provides that "[w]hen any factor important to the sentencing determination is reasonably in dispute, the parties shall be given an adequate opportunity to present information to the court regarding that factor." U.S.S.G. § 6A1.3(a). Here, the fact that the infractions occurred—that Morris was involved in an altercation with other inmates—is not "reasonably in dispute," and so the Court finds that no hearing is necessary. *Id.*; *see United States v. Lin*, 2026 WL 145316, at *2 (S.D.N.Y. Jan. 20, 2026) (applying Section 6A1.3(a) in the context of a compassionate release motion). And even if the Court were to accept as true Morris's statement that he bears no responsibility for these altercations and acted only in self-defense, that fact would not alter the Court's ultimate conclusion.

Further, to the extent Morris also seeks to relitigate the Court's consideration of his prior disciplinary infractions at his 2024 resentencing, *see* Def. Repl. at 4, Morris was "given a full opportunity to present information to the [C]ourt" about those infractions "at his [re]sentencing," and has yet to identify any facts about them that are "reasonably in dispute" and "would impact the Court's evaluation of the factors under 18 U.S.C. § 3553(a)." *Lin*, 2026 WL 145316, at *2.

## CONCLUSION

For these reasons, the Court denies Morris's motions for a reduced sentence under 18 U.S.C. § 3582(c)(2) and (c)(1)(A), and denies his motion for appointment of counsel to pursue relief under Amendment 829. The Clerk of Court is respectfully directed to terminate the motions pending at Docket Numbers 538, 539, 595, and 602, and to mail a copy of this Opinion and Order to Morris at his listed address.

SO ORDERED.

Dated: July 28, 2026
New York, New York

Ronnie Abrams
United States District Judge